UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GONZALEZ VALENCIA,<br>Petitioner,<br>v.<br>WARDEN, Imperial Regional Detention Facility, et al.,<br>Respondents. | Case No.: 3:26-cv-04284-RBM-GC<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Docs. 1, 2]** |

Before the Court are *pro se* Petitioner Jorge Gonzalez Valencia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and *Ex Parte* Application for Temporary Restraining Order ("TRO Motion") (Doc. 2). For the reasons below, the Court **GRANTS** the Petition and **DENIES as moot** the TRO Motion.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection in or about April 2024. (Doc. 1-2 [Decl. of Jorge Gonzalez Valencia ("Valencia Decl.")] ¶¶ 2, 6.) He has resided in Florida continuously since then, establishing strong community ties and working in construction. (*See id.* ¶¶ 9–21; Doc. 1-3 at 9–21 (letters of support from family members and community members).) On June 24, 2026, Petitioner was arrested during a traffic stop. (Valencia Decl. ¶¶ 31–33.) He was then transferred to immigration

custody in Miami before being transferred to Imperial Regional Detention Facility, where he remains today. (*Id.* ¶¶ 37–41.) Petitioner has not received a bond hearing (*see id.* ¶ 63) because immigration judges lack jurisdiction to hold them under agency precedent (*see* Doc. 1 at 4).

On July 27, 2026, Petitioner filed his Petition and TRO Motion. (Docs. 1, 2.) The Court set a briefing schedule shortly thereafter. (Doc. 3.) Respondents filed their Response on August 3, 2026. (Doc. 5.) Petitioner filed his Reply on August 7, 2026. (Doc. 6.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 at 7–11.) Respondents, citing the Ninth Circuit's recent decision in *Rodriguez Vasquez v. Bostock*, — F.4th —, 2026 WL 2196424 (9th Cir. July 30, 2026), "do[ ] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (Doc. 5 at 1–2.)

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 2026 WL 2196424, at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for several years (*see* Valencia Decl. ¶¶ 2, 6, 31), the discretionary

detention procedures of § 1226(a) govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

noncitizen's ability to pay.[3]

3. The TRO Motion (Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATE: August 10, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").